## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **PATRICK BASS and JOCELYN BASS** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**M/V STAR ISFJORD, GRIEG STAR** )<br>**SHIPPING and G2 OCEAN,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION NO.**<br>**1:20-cv-00007-JB-M** |

## ANSWER

COMES NOW Grieg Shipping II AS (incorrectly identified in Plaintiffs' Complaint as "Grieg Starr Shipping"), and G2 Ocean AS (incorrectly identified in Plaintiffs' Complaint as "G2 Ocean"), and for answer to the Plaintiffs' Complaint, says as follows:

1. Grieg Shipping II AS and G2 Ocean AS (collectively referred to herein as "Defendants") admit this Court has subject matter jurisdiction for this lawsuit, and that venue is proper in this District.

2.1 Defendants admit that the MV STAR ISFJORD is a Norwegian-flagged cargo vessel owned by Grieg Shipping II AS, a Norwegian company with its principal place of business in Norway. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 2.1 of the Plaintiffs' Complaint.

2.2 Defendants admit that Grieg Shipping II AS (incorrectly identified in Plaintiffs' Complaint as "Grieg Starr Shipping") is a Norwegian company with its principal place of business in Norway and, at all times pertinent hereto, was the Owner of the MV STAR ISFJORD. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 2.2 of the Plaintiffs' Complaint.

2.3     Defendants admit that G2 Ocean AS (incorrectly identified in Plaintiffs' Complaint as "G2 Ocean") is a Norwegian company with its principal place of business in Norway, and, at all times pertinent hereto, was the Managing Owner of the MV STAR ISFJORD. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 2.3 of the Plaintiffs' Complaint.

3.      Based on information and belief, Defendants admit that Plaintiff Patrick Bass was an employee of CSA Equipment Company, L.L.C. The legal statements contained in Paragraph 3 of the Plaintiffs' Complaint do not require a response from these Defendants; to the extent a response is required, Defendants deny all allegations contained in Paragraph 3 of the Plaintiffs' Complaint, except as otherwise admitted herein.[1]

4.      Defendants deny the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.

5.      Defendants admit that Plaintiff Patrick Bass was injured while aboard the M/V STAR ISFJORD on January 7, 2019, while the vessel was in the Port of Mobile, Alabama. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 5 of the Plaintiffs' Complaint; answering further, Defendants specifically deny that they are, or can be, liable or responsible for the injuries and damages as claimed by Plaintiffs in their Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Plaintiffs' Complaint, including all subparts therein.

7.      Defendants deny the allegations contained in Paragraph 7 of the Plaintiffs' Complaint, including all subparts therein.

---

[1] The Plaintiffs' Complaint does not actually have a Paragraph 3, although this numbering is apparent from the context of the Complaint.

8. No response is required from Defendants to the legal statement contained in Paragraph 8 of the Plaintiffs' Complaint. To the extent that a response is required, Defendants deny the allegations contained therein.

With respect to the unnumbered paragraph commencing with the phrase "WHEREFORE, Plaintiff prays for judgment in his favor…," Defendants deny the allegations and/or averments contained therein, and specifically deny that they are, or can be, liable or responsible for the injuries and damages as claimed by the Plaintiffs' in their Complaint.

## **AFFIRMATIVE DEFENSES**

1. Defendants deny any allegations or averments contained in the preamble, prayer, unnumbered paragraphs, or any other part of the claim that are not specifically admitted to or otherwise controverted.

2. Plaintiffs' claim fails to state a claim upon which relief can be granted.

3. Plaintiffs have failed to mitigate their damages.

4. Plaintiffs' losses were caused in whole or in part by the negligent acts and/or omissions of the Plaintiff Patrick Bass; therefore, the amount of recovery to Plaintiffs (if any) should be mitigated by Mr. Bass' own negligence.

5. If Plaintiffs sustained damages as alleged, the existence and/or extent of which are denied, said injuries arose out of certain risks, dangers and hazards which are a normal risks attendant to with the activity in which Plaintiff Patrick Bass was engaged and assumed by him. Said risks were not created by Defendants' acts and/or omissions (if any). Therefore, Plaintiffs cannot recover herein.

6. Plaintiffs' claims are barred in whole or in part by the doctrine of contributory and/or comparative negligence.

7. Plaintiffs' alleged injuries were proximately caused by the superseding and intervening acts of third-parties other than Defendants and over which Defendants had no control and for which Defendants are not liable or responsible.

8. Plaintiffs' alleged injuries were directly and proximately caused and contributed to by the acts, omissions, and/or negligence of persons other than Defendants, whether individual, corporate, associate, or otherwise, over whom Defendants had no control or authority.

9. Plaintiffs' claims - substantively as well as available damages - are governed by the general maritime law.

10. Defendants did not breach a duty owed to the Plaintiffs (if any).

11. Defendants are entitled to a setoff or credit for any amounts received by the Plaintiffs from any source whatsoever with respect to the injuries and damages alleged in this action.

12. The general maritime law does not allow for recovery of punitive damages.

13. Defendants acted in good faith and without malice or intent to injure the Plaintiffs.

14. Plaintiffs have failed to state a claim for punitive damages.

15. The imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution in each of the following ways:

    a. The imposition of punitive damages that are vastly disproportionate to any actual injury would violate the Fourteenth Amendment of the United States Constitution.

    b. Disproportionate punitive damages constitute an arbitrary and capricious taking of property which is unjustified by any rational governmental interest, thereby violating the Fifth and Fourth Amendments to the United States Constitution.

    c. The award of punitive damages without specific standards to guide the jury's discretion in determining the amount of damages is contrary to Due Process under the Fourteenth Amendment of the United States Constitution.

   d. The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the United States Constitution.

  16. Defendants aver that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

  17. Defendants aver that any award of punitive damages to Plaintiffs in this case would be in violation of Article I, Section 6, of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

  18. Defendants aver that any award of punitive damages to Plaintiffs in this case would be in violation of the Procedural Safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature, and consequently, Defendants are entitled to the same procedural safeguards afforded to criminal Defendants.

  19. Defendants aver that any award of punitive damages to Plaintiffs in this case would be in violation of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama since to impose punitive damages against Defendants, which are penal in nature, permits a burden of proof on Plaintiffs which is less than "a realm beyond a reasonable doubt" burden of proof required in criminal cases.

  20. Defendants aver that any award of punitive damages to Plaintiffs in this case would be a violation of Article I, Section 6 of the Constitution of the State of Alabama, in that the damages would be an excessive fine.

21. Plaintiffs' punitive damage claims are, or may be, subject to the limits and restrictions established by the Alabama legislature in *Ala.Code* § 6-11-21 (1993 & Supp. 1999).

22. Defendants reserve the right to assert any and all affirmative defenses which discovery hereinafter may reveal as appropriate.

WHEREFORE, based on the foregoing, Defendants pray that the Court accept their answer as sufficient, dismiss all claims against them, and for all other further, different and necessary relief.

Respectfully submitted, this 6th day of May, 2020.

*/s/ John P. Kavanagh, Jr.*
John P. Kavanagh, Jr. (KAVAJ1011)
Burr & Forman LLP
11 N. Water Street, Suite 22200
Mobile, AL 36602
251-345-8200
jkavanagh@burr.com
Attorney for Defendants
Grieg Shipping II AS and G2 Ocean AS

**CERTIFICATE OF SERVICE**

   I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 6th day of May, 2020:

| | |
|---|---|
| Patrick H. Hufft | Peter S. Mackey |
| Hufft & Hufft, APLC | Burns, Cunningham & Mackey |
| 635 Saint Charles Avenue | P. O. Box 1583 |
| New Orleans, LA 70130 | Mobile, AL 36633 |
| 504-522-9413 | (251) 432-0612 |
| Fax: 504-586-9945 | Fax: 2514320625 |
| Email: phufft@hufftlaw.com | Email: psmackey@bcmlawyers.com |

Tom Shlosman
Shlosman Law Firm
4907 Magazine Street
New Orleans, LA 70115
504-453-0607
Fax: 504-324-0431
Email: tom@shlosmanlaw.com


            */s/ John P. Kavanagh, Jr.*
            OF COUNSEL