IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK BASS and JOCELYN BASS**  **Plaintiffs,**  v.  **M/V STAR ISFJORD, GRIEG STAR SHIPPING and G2 OCEAN,**  **Defendants.** | **CIVIL ACTION NO. 1:20-cv-00007-TFM-M** |

**ANSWER TO AMENDED COMPLAINT**

COMES NOW M/V STAR ISFJORD, *in rem* (referred to herein as "Defendant"), and for answer to the Plaintiffs' Amended Complaint (Doc. 29), says as follows:

1.  M/V STAR ISFJORD admits this Court has subject matter jurisdiction for this lawsuit, and that venue is proper in this District.

2.1  Defendant admits that it is a Norwegian-flagged cargo vessel owned by Grieg Shipping II AS, a Norwegian company with its principal place of business in Norway. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 2.1 of the Plaintiffs' Amended Complaint.

2.2  Defendant admits that Grieg Shipping II AS is a Norwegian company with its principal place of business in Norway and, at all times pertinent hereto, was the Owner of the MV STAR ISFJORD. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 2.2 of the Plaintiffs' Amended Complaint.

2.3  Defendant admits that G2 Ocean AS is a Norwegian company with its principal place of business in Norway, and, at all times pertinent hereto, was the Managing Owner of the

MV STAR ISFJORD.  Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 2.3 of the Plaintiffs' Amended Complaint.

3. Based on information and belief, Defendant admits that Plaintiff Patrick Bass was an employee of CSA Equipment Company, L.L.C.  The legal statements contained in Paragraph 3 of the Plaintiffs' Amended Complaint do not require a response from this Defendant; to the extent a response is required, Defendant denies all allegations contained in Paragraph 3 of the Plaintiffs' Amended Complaint, except as otherwise admitted herein.[1]

4. Defendant denies the allegations contained in Paragraph 4 of the Plaintiffs' Amended Complaint.

5. Defendant admits that Plaintiff Patrick Bass was injured while aboard the M/V STAR ISFJORD on January 7, 2019, while the vessel was in the Port of Mobile, Alabama.  Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 5 of the Plaintiffs' Amended Complaint; answering further, Defendant specifically denies that it is, or can be, liable or responsible for the injuries and damages as claimed by Plaintiffs in their Amended Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Plaintiffs' Amended Complaint, including all subparts therein.

7. Defendant denies the allegations contained in Paragraph 7 of the Plaintiffs' Amended Complaint, including all subparts therein.

8. No response is required from Defendant to the legal statement contained in Paragraph 8 of the Plaintiffs' Amended Complaint.  However, Defendant would note that the Court

---

[1] The Plaintiffs' Amended Complaint does not actually have a Paragraph 3, although this numbering is apparent from the context of the Amended Complaint.

granted Defendants' Motion to Strike Plaintiffs' Jury Demand. See Doc. 33 (Order). To the extent that any further response is required, Defendant denies the allegations contained in Paragraph 8 of the Plaintiffs' Amended Complaint.

With respect to the unnumbered paragraph commencing with the phrase "WHEREFORE, Plaintiff prays for judgment in his favor…," Defendant denies the allegations and/or averments contained therein, and specifically denies that it is, or can be, liable or responsible for the injuries and damages as claimed by the Plaintiffs' in their Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Defendant denies any allegations or averments contained in the preamble, prayer, unnumbered paragraphs, or any other part of the claim that are not specifically admitted to or otherwise controverted.

2. Plaintiffs' claim fails to state a claim upon which relief can be granted.

3. Plaintiffs have failed to mitigate their damages.

4. Plaintiffs' losses were caused in whole or in part by the negligent acts and/or omissions of the Plaintiff Patrick Bass; therefore, the amount of recovery to Plaintiffs (if any) should be mitigated by Mr. Bass' own negligence.

5. If Plaintiffs sustained damages as alleged, the existence and/or extent of which are denied, said injuries arose out of certain risks, dangers and hazards which are a normal risks attendant to with the activity in which Plaintiff Patrick Bass was engaged and assumed by him. Said risks were not created by Defendant's acts and/or omissions (if any). Therefore, Plaintiffs cannot recover herein.

6. Plaintiffs' claims are barred in whole or in part by the doctrine of contributory and/or comparative negligence.

7. Plaintiffs' alleged injuries were proximately caused by the superseding and intervening acts of third-parties other than Defendant and over which Defendant had no control and for which Defendant is not liable or responsible.

8. Plaintiffs' alleged injuries were directly and proximately caused and contributed to by the acts, omissions, and/or negligence of persons other than Defendant, whether individual, corporate, associate, or otherwise, over whom Defendant had no control or authority.

9. Plaintiffs' claims - substantively as well as available damages - are governed by the general maritime law.

10. Defendant did not breach a duty owed to the Plaintiffs (if any).

11. Defendant is entitled to a setoff or credit for any amounts received by the Plaintiffs from any source whatsoever with respect to the injuries and damages alleged in this action.

12. The general maritime law does not allow for recovery of punitive damages.

13. Defendant acted in good faith and without malice or intent to injure the Plaintiffs.

14. Plaintiffs have failed to state a claim for punitive damages.

15. The imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution in each of the following ways:

   a. The imposition of punitive damages that are vastly disproportionate to any actual injury would violate the Fourteenth Amendment of the United States Constitution.

   b. Disproportionate punitive damages constitute an arbitrary and capricious taking of property which is unjustified by any rational governmental interest, thereby violating the Fifth and Fourth Amendments to the United States Constitution.

   c. The award of punitive damages without specific standards to guide the jury's discretion in determining the amount of damages is contrary to Due Process under the Fourteenth Amendment of the United States Constitution.

   d. The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus

"void for vagueness" under the Fourteenth Amendment of the United States Constitution.

16. Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

17. Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of Article I, Section 6, of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

18. Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of the Procedural Safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature, and consequently, Defendant is entitled to the same procedural safeguards afforded to criminal Defendants.

19. Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama since to impose punitive damages against Defendant, which are penal in nature, permits a burden of proof on Plaintiffs which is less than "a realm beyond a reasonable doubt" burden of proof required in criminal cases.

20. Defendant avers that any award of punitive damages to Plaintiffs in this case would be a violation of Article I, Section 6 of the Constitution of the State of Alabama, in that the damages would be an excessive fine.

21. Plaintiffs' punitive damage claims are, or may be, subject to the limits and restrictions established by the Alabama legislature in *Ala.Code* § 6-11-21 (1993 & Supp. 1999).

22. Defendant reserves the right to assert any and all affirmative defenses which discovery hereinafter may reveal as appropriate.

WHEREFORE, based on the foregoing, Defendant prays that the Court accept its answer as sufficient, dismiss all claims against it, and for all other further, different and necessary relief.

Respectfully submitted, this 7th day of March, 2023.

*/s/ John P. Kavanagh, Jr.*
John P. Kavanagh, Jr. (KAVAJ1011)
L. Robert Shreve (LSHRE3179)
Burr & Forman LLP
11 N. Water Street, Suite 22200
Mobile, AL 36602
251-345-8200
jkavanagh@burr.com
rshreve@burr.com

*Attorneys for Defendants*
*M/V STAR ISFJORD, in rem,*
*Grieg Shipping II AS and G2 Ocean AS, in personam*

## **CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this 7th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed those non CM/ECF participants:

Patrick H. Hufft
Hufft & Hufft, APLC
635 Saint Charles Avenue
New Orleans, LA 70130
504-522-9413
Fax: 504-586-9945
Email: phufft@hufftlaw.com

Peter S. Mackey
Burns, Cunningham & Mackey
P. O. Box 1583
Mobile, AL 36633
(251) 432-0612
Fax: 251-432-0625
Email: psmackey@bcmlawyers.com

Tom Shlosman
Shlosman Law Firm
4907 Magazine Street
New Orleans, LA 70115
504-453-0607
Fax: 504-324-0431
Email: tom@shlosmanlaw.com

                    */s/ John P. Kavanagh, Jr.*
                    OF COUNSEL